| | | |
|---|---|---|
| RICARDO DELGADO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 06 C 2107 |
| | ) | |
| CERTIFIED GROCERS MIDWEST, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before this Court on Defendant Certified Grocers Midwest Inc.'s motion to dismiss Plaintiff Ricardo Delgado's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, Defendant's motion to dismiss is denied.

## BACKGROUND

Plaintiff Ricardo Delgado ("Delgado") brings this suit pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"). Delgado alleges that, on April 13, 2005, he was terminated from his job as a warehouse picker for Defendant Certified Grocers Midwest Inc. ("Certified Grocers") as a result of his continuing medical problems. Delgado alleges that he filed a charge of discrimination

concerning his termination with the Equal Employment Opportunity Commission ("EEOC") on December 29, 2005, and then again, pursuant to the EEOC's request, filed another, identical, charge on March 13, 2006.[1] Delgado received his notice of right to sue from the EEOC on March 31, 2006, and filed his first complaint in this matter on April 14, 2006. There is no dispute that Delgado filed suit within the time permitted by the notice of right to sue.

Certified Grocers has moved to dismiss Delgado's First Amended Complaint because it contends that Delgado did not timely file his charge with the EEOC as required by the ADA- a statutory precondition to filing a complaint in this Court. Certified Grocers asserts that Delgado chose not to file a charge with the EEOC on December 29, 2005, and did not actually file a charge with the EEOC until March 13, 2006 - 334 days after his termination and 34 days beyond the 300-day limitation period established by the ADA.

Certified Grocers does not dispute the existence of the December 29, 2005, charge. Instead, it contends that additional evidence demonstrates that Delgado did not actually file the charge on December 29, 2005. In support of its motion, Certified Grocers asks this Court to consider the following documents: 1) an affidavit from

---

[1]The charges of discrimination attached to Delgado's First Amended Complaint indicate that Delgado filed his charges with both the Illinois Department of Human Rights and the EEOC.

Certified Grocers' attorney describing the process by which she requested Delgado's EEOC file and detailing the documents received from the EEOC in response; 2) the documents received from the EEOC, which consist of a charge questionnaire dated December 29, 2005, notes from interviews on December 29, 2005, and February 21, 2006, charges of discrimination dated December 29, 2005 and March 13, 2006, a notice of charge dated March 15, 2006, and a dismissal and notice of rights dated March 31, 2006; and 3) an affidavit from John Traub, Certified Grocers' Human Resources Manager, attesting that the only charge he received from the EEOC concerning Delgado was dated March 13, 2006.

Certified Grocers first points to the EEOC interviewer's notes for December 29, 2005, in which the interviewer notes, "PCP chose not to file" as evidence that the December 29, 2005, charge was not actually filed. In addition, Certified Grocers argues that the EEOC interviewer's notes from on February 21, 2006, which describe Delgado as a "PCP" (a potential charging party) and which contain the complete story of Delgado's discharge, also support the conclusion that Delgado did not file a charge on December 29, 2005, and instead restarted the process in February 2006. Finally, Certified Grocers argues that the EEOC's failure to serve the December 29, 2005, charge upon Certified Grocers is additional proof that the charge was never filed, and proffers Traub's affidavit in support.

Certified Grocers asks this Court to conclude, despite the existence of the signed and stamped charge dated December 29, 2005, that the second charge, filed March 13, 2006, was the only charge filed by Delgado. Further, Certified Grocers argues that because the March 13, 2006, date was 34 days beyond the 300 day limitations period for filing a charge based on Delgado's termination, his claim is time-barred and his First Amended Complaint should be dismissed.

Delgado has not responded in substance to Certified Grocers' evidence, asserting instead that this Court cannot consider documents outside of the four corners of the complaint in deciding a 12(b)(6) motion. In the alternative, Delgado argues that 1) the EEOC file documents are not *per se* admissible but are instead hearsay; and 2) conversion of Certified Grocers' motion to dismiss to a motion for summary judgment at this stage is inappropriate.

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. *Conley v. Gibson*, 355 U.S. 519, 520-21 (1957). For the purposes of a 12(b)(6) motion, we accept as true all well-pleaded allegations of the complaint and draw all reasonable inferences in favor of the plaintiff. *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006). While in general, consideration of matters outside the pleadings is improper without conversion of a 12(b)(6) motion into

a motion for summary judgment, documents that a defendant attaches to a motion to dismiss may be considered if they are referred to in the plaintiff's complaint and are central to plaintiff's claim.  Fed. R. Civ. P. 12(b); *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661-62 (7th Cir. 2002).  With these legal principles in mind, we now turn to a consideration of the issues raised in Certified Grocers' motion to dismiss.

## DISCUSSION

The ADA prohibits employers from discriminating against qualified individuals with a disability because of that disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The ADA's enforcement provision incorporates § 2000e-5 of Title VII, which requires that a plaintiff file a charge of discrimination within 300 days "after the alleged unlawful employment practice occurred" when such a charge is first filed with a state agency with the authority to grant or seek relief from the discriminatory practice. 42 USC § 2000e-5(e)(1), *incorporated by* 42 U.S.C. § 12117(a); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004).  Failure to file within the 300 days precludes a claimant from bringing the claim in court. *Stepney*, 392 F.3d at 239.  The time limits imposed on potential litigants by Title VII (and by incorporation, the ADA) operate akin to statutes of limitation, rather than as a jurisdictional requirements.

*Rennie v. Garrett,* 896 F.2d 1057, 1062 (7th Cir. 1990); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

The defense of a statute of limitations is an affirmative defense, and as such normally is not decided on a motion to dismiss on the pleadings. Fed. R. Civ. P. 8(c); *United States v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). Delgado's First Amended Complaint, therefore, may be dismissed only if it is clear from the face of his complaint that he has not satisfied the preconditions required by the ADA. *See Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004).

Generally, a court may consider only the plaintiff's complaint on a Rule 12(b)(6) motion. *Rosenblum,* 299 F.3d at 661. When additional evidence is attached to a motion to dismiss, "the court must either convert the 12(b)(6) motion into a motion for summary judgment under Rule 56...or exclude the documents attached to the motion to dismiss and continue under Rule 12." *188 LLC v. Trinity Industries, Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (*quoting Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)). An exception to this rule exists for a "limited class" of documents that are "referred to in the plaintiff's complaint and are central to his claim." *Rosenblum,* 299 F.3d at 661. Courts in this District ordinarily consider EEOC charges to be documents falling within the "narrow exception" to the rule that 12(b)(6) motions are to be decided on the allegations contained in the complaint alone. While the EEOC charge is not central to a plaintiff's complaint, the complaint itself cannot exist without the

EEOC charge. *See, e.g., E.E.O.C. v. Concentra Health Services, Inc.*, No. 05 C 1109, 2006 WL 2024240 at *3 (N.D. Ill., July 12, 2006). In this case, the December 29, 2005, and March 13, 2006, EEOC charges were both attached to Plaintiff's First Amended Complaint and would be considered by this Court even if they had not also been attached to Certified Grocers' motion.

Certified Grocers argues that this Court may also consider the EEOC charge questionnaire and the EEOC interview notes because those documents served as the basis for the EEOC charges and are therefore "central" to the complaint. While the EEOC interview notes and the charge questionnaire may have informed the creation of the charges themselves, they are not documents that are central to Delgado's complaint. While Certified Grocers argues that documents "central" to the complaint encompass documents that are "directly or indirectly" referred to in the Complaint, as well as "any documents that are probative of whether Plaintiff filed a timely charge," its interpretation of the case law is overbroad. By Certified Grocers' logic, any document related to a document central to the complaint could then be considered on a motion to dismiss - a situation that would permit consideration of nearly every document and defeat the rule. Therefore, this Court will not consider any documents other than the EEOC charges in deciding this motion. In light of this conclusion, we need not consider whether or not the documents themselves - the contents of the EEOC file - are ultimately admissible as evidence in later proceedings.

According to his First Amended Complaint, Delgado filed his first charge of discrimination dated December 29, 2005, and then, at the request of the EEOC, filed a second, identical charge of discrimination dated March 13, 2006. The contents of December 29, 2005, and March 13, 2006, EEOC charges attached to his First Amended Complaint are consistent with these allegations. Taking Delgado's allegations as true, as we must for the purposes of this motion, the December 29, 2005, charge would have been filed within the 300-day limitation period applicable to his ADA claim. While the existence of two identical charges of discrimination appears unusual, Delgado has alleged that the second Charge was filed at the request of the EEOC and Certified Grocers has presented no evidence that could, at this stage in the proceedings, contradict Delgado's allegations. Delgado has alleged facts sufficient to establish that his charge was filed within the time allotted by the ADA, and as such, he has satisfied the statutory preconditions for filing his First Amended Complaint in this Court.

## CONCLUSION

Based on the foregoing analysis, Certified Grocers' motion to dismiss is denied.

_____
Charles P. Kocoras
United States District Judge

Dated:  October 5, 2006